U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2021.09.20 14:13:35 -04'00'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, Plaintiff, | CRIMINAL NO. 19-761 (RAM) |
|---|---|
| v. | |
| KEVIN DE JESUS-TIRADO, Defendant. | |

PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Kevin De Jesus-Tirado, and Defendant's counsel, Jason Gonzalez-Delgado, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Five of the Indictment:

Count One:  On or about November 18, 2019, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, the defendants **ELVIN EDGARDO CASTRO-PEREZ and KEVIN DE JESUS-TIRADO** did knowingly and intentionally possess, and aided and abetted in the possession, with the intent to distribute, a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance. All in violation of Title 21, United States Code, Section 841 (a)(l) and Title 18, United States Code, Section 2.

Count Five: On or about November 18, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **KEVIN DE JESUS-TIRADO** knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term of more than one year, knowingly possessed a firearm and firearm ammunition - that is, one (1) Glock pistol, model 21, Gen 4, bearing serial number BALV-945, and fifty-eight (58) rounds of .45 caliber ammunition — said firearm and ammunition having been shipped and transported in interstate commerce. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not more than twenty years; a fine not to exceed one million dollars; and a supervised release term of not less than three years; all pursuant to 21 United States Code, Sections 841(a)(1) and (b)(1)(C).

Count Three: The maximum statutory penalty for the offense charged in Count Three of the Indictment, is a term of imprisonment of not more than 10 years pursuant to 18 U.S.C. §§ 922(a)(1) and 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNTS ONE AND FIVE (Pursuant to U.S.S.G.§ 3D1.1(C) counts one and five must be grouped) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(6) | | | | | 14 |
| Possession of the firearm in connection w/ another felony offense U.S.S.G. § 2K2.1(b)(1)(6)(B) | | | | | 4 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 15 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |

## 8. Sentence Recommendation

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment within the applicable Guidelines range at a total offense level of 15 when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is twenty-seven months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Jason Gonzalez-Delgado, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to the firearms and ammunition listed in the stipulation of facts included in this plea agreement.

### 24. Package Plea Provision



Defendant is fully aware that this is a package plea agreement, that is, a Plea Agreement conditioned upon the guilty plea of the co-defendant. Defendant certifies that Defendant is not entering into this guilty plea because of threats or pressures from any co-defendant. Pursuant to *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995), package plea agreements require that the District Court be alerted to the fact that co-defendants are entering a package deal so that the District Court can carefully ascertain the voluntariness of each defendant's plea. The parties further agree that should any of the co-defendants withdraw the guilty plea, the United States reserves its right to withdraw from its obligations under the package plea agreement in its entirety.

-------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

W. STEPHEN MULDROW
United States Attorney

_____
Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division

Dated: 8/27/21

_____
Carlos R. Cardona
Assistant U.S. Attorney

Dated: 08/29/2021

_____
Jason Gonzalez-Delgado, Esq.
Counsel for Defendant

Dated: September 7, 2021

_____
Kevin De Jesus-Tirado
Defendant

Dated: September 7, 2021

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: September 7, 2021

_____
Kevin De Jesus-Tirado
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: September 7, 2021

_____
Jason Gonzalez-Delgado
Counsel for Defendant

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Kevin De Jesus-Tirado admits that Defendant is guilty as charged in the Indictment and admits the following:

On November 11, 2019, Puerto Rico Police Bureau (PRPB) San Juan control dispatcher received information indicating that a state fugitive was hiding around an old grocery store located in the Arena neighborhood, Vista Alegre Sector, located in the city of Cidra, Puerto Rico. The tipster stated that the fugitive was wanted for murder and that he hangs around with an individual known as Cain. The tipster stated that Cain was the neighborhood drug dealer and described Cain as an obese, white-skined individual. The tipster further stated that both the fugitive and Cain are regularly armed. The tipster also stated that fugitive and Cain hung around Jardines de Montellano Public Housing Project armed and that they used the following vehicles: a blackin color Honda, a red in color Mazda, and a Grey in color Cherokee. The PRPD San Juan controlcenter referred this information to the Caguas Criminal Investigations Corps (CIC) Special ArrestUnit.

On November 18, 2019, PRPD Agents assigned to the CIC Special Arrest Unit located and drove by the above-mentioned old grocery store. PRPD Agents observed approximately five to six people outside the old grocery store. PRPD Agents also observed three (3) vehicles at the location, one of which fit the description of one of the vehicles provided by the tipster (red in color Mazda). PRPD Agents observed an individual wearing a cream color shirt that fit the

description of the fugitive. PRPD Agents exited the vehicle announcing themselves and approached a red in color Mazda, Model 3, bearing Puerto Rico License plate HKH-368. PRPD Agents observed an individual later identified as **Elvin Edgardo CASTRO-PEREZ** on the driver seat with the car door opened. According to the PRPD Agents, when CASTRO-PEREZ noticed the presence of the Police, he began to run. PRPD Agents chased CASTRO-PEREZ and, while running, they observed when CASTRO-PEREZ threw what they believed was a black in color firearm. PRPD Agents continued to follow CASTRO-PEREZ and observed when CASTRO- PEREZ threw a cellphone. Subsequently, PRPD Agents arrested CASTRO-PEREZ. PRPD Agents read CASTRO-PEREZ his Miranda rights and he was escorted to the above-mentioned Mazda. From the Mazda, PRPD Agents seized the following on the floor of the driver side of the Mazda Model 3 bearing Puerto Rico License plate HKH-368:



- One bag with letters that read "Puerto Rico" containing the following items:
- Two Glock magazines containing fourteen rounds of 45-caliber ammunition each (total amount of Twenty-eight (28) rounds of 45-caliber ammunition)
- Two (2) plastic baggies containing machinegun conversion devices (Chips)
- Three Hundred and seventy ($370.00) Dollars United States Currency
- One amber in color plastic case containing Nine (9) pills
- One amber in color plastic case containing Fifty-four (54) pills
- One amber in color plastic case containing seven (7) pills
- Five small plastic baggies containing a green leafy substance that field-tested positive to Marijuana.

PRPD Agents also seized the following from the floor of the passenger side of the Mazda, Model 3, bearing Puerto Rico License plate HKH-368:

- Three Hundred and forty one small plastic baggies containing green leafy substance that field-tested positive to Marijuana.

During the same enforcement operation, other PRPB Agents approached a blue in color Toyota, model Tacoma, bearing Puerto Rico License plate 837-816, and observed an individual later identified as **Kevin DE JESUS-TIRADO**, on the driver seat with the vehicle's door opened. PRPD Agents stated that when DE JESUS-TIRADO noticed the presence of the Police he exited the vehicle. For security reasons, PRPB Agents approached DE JESUS-TIRADO. As they approached, PRPB Agents observed, in plain view, a firearm near the center console of the vehicle. From the above-mentioned Toyota, model Tacoma, agents recovered the following items:

- One (1) Glock Pistol, model 21 Gen 4, bearing serial number BALV-945 loaded with Thirteen (13) rounds of 45-caliber ammunition.
- Ten (10) small plastic baggies containing green leafy substance that field-tested positive to Marijuana.
- Forty-five rounds of .45 caliber ammunition
- One zip lock plastic bag containing a green leafy substance that field-tested positive to Marijuana.
- Sixty (60) small plastic baggies containing a green leafy substance that field-tested positive to Marijuana.

The suspected marijuana that was seized in this case was sent to the DEA laboratory for testing. The result of the test confirmed that the substance submitted was marijuana with a total combined net weight of 645.73 grams.

Further investigation reveals that CASTRO-PEREZ and DE JESUS-TIRADO both knew they had been previously convicted of a crime punishable by imprisonment for a term exceeding one year (felony). Furthermore, the investigation also reveals

U.S. v. Kevin De Jesus-Tirado, 19-761 (RAM)

that no firearms or ammunitions, such as the ones seized in this case, are manufactured in Puerto Rico. Therefore, the firearm and ammunition seized in this case were shipped or transported in interstate and foreign commerce.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Kevin De Jesus-Tirado is guilty as charged in Counts One and Five of the Indictment. Discovery was timely made available to Defendant for review.

_____
Carlos R. Cardona
Assistant U.S. Attorney
Dated: 08/29/2021

_____
Jason Gonzalez-Delgado, Esq.
Counsel for Defendant
Dated: September 7, 2021

_____
Kevin De Jesus-Tirado
Defendant
Dated: September 7, 2021